Case 16-01261-RG    Doc 22    Filed 09/15/17    Entered 09/15/17 11:43:46    Desc Main
Document      Page 1 of 9

**TRENK, DiPASQUALE,
DELLA FERA & SODONO, P.C.**
427 Riverview Plaza
Trenton, NJ 08611
609-695-6070 (phone)
609-695-6071 (fax)
Andrea Dobin
Ross J. Switkes
*Special Counsel to Plaintiff, David Wolff, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 16-11410 (RG) |
| TZANIDES, ANDREW, | Chapter 7 |
| Debtor. | Honorable Rosemary Gambardella |
| DAVID WOLFF, CHAPTER 7 TRUSTEE, | Adv. Pro. No. 16-1261(RG) |
| Plaintiff, | |
| v. | |
| HELEN TZANIDES, | |
| Defendant. | |

**FIRST AMENDED COMPLAINT FOR AVOIDANCE OF
FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544, 550 AND FOR RELIEF
PURSUANT TO 11 U.S.C. §§105 and 363(h)**

David Wolff, Chapter 7 Trustee (the "**Trustee**") in the Chapter 7 bankruptcy proceeding of Andrew Tzanides (the "**Debtor**"), by and through his attorneys, Trenk, DiPasquale, Della Fera & Sodono, P.C., and by way of complaint against defendant, Helen Tzanides (the "**Defendant**"), respectfully avers as follows:

## PARTIES

1. On January 28, 2016, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, i.e., Title 11 of the United States Code, in the United States Bankruptcy Court for the District of New Jersey.

2. On January 29, 2016, the Trustee was appointed by the Office of United States Trustee to serve as the Trustee in the Debtor's proceeding. The Trustee is duly qualified and currently serves as the Trustee.

3. Defendant is the Debtor's wife.

4. Defendant is the record owner of certain real property commonly referred to as 517 Wittich Terrace, River Vale, New Jersey (the "**River Vale Property**").

5. The Defendant and the Debtor reside together at the Property.

## JURISDICTION AND VENUE

6. This is a core proceeding brought pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. §§ 105, 363 and 544, and 28 U.S.C. § 157(b)(2)(A), (E), (H), (N), and/or (O).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

8. The venue of this proceeding is in the District Court of New Jersey pursuant to 28 U.S.C. §1409(a).

**BACKGROUND**

9. On or about December 2, 1992, the Debtor and Defendant acquired the real property commonly known as 47 Eisenhower Drive, Cresskill, Bergen County, New Jersey (the "**Cresskill Property**") and took title as joint owners.

10. By Deed recorded on or about May 22, 2002, the Debtor transferred his interest in the Cresskill Property to the Defendant.

11. Upon information and belief, the Debtor received no consideration in exchange for the transfer of his interest in the Cresskill Property.

12. There was no financial justification for the Debtor's transfer of his interest in the Cresskill Property to his wife.

13. Upon information and belief, the Debtor transferred his interest in the Cresskill Property to his wife with intent to evade the claims of then-existing and/or future creditors.

14. On or about March 3, 2003, the New Jersey Division of Taxation entered judgment against the Debtor in the amount of $12,528.61 (the "**2003 Taxation Judgment**").

15. The Defendant had no liability for the 2003 Taxation Judgment.

16. Although he was no longer an owner of the Cresskill Property at the time, upon information and belief, in 2003 the Debtor was a co-borrower on a loan from Advanced Financial Services Federal Credit Union, which entity was granted a lien on an interest in the Cresskill Property, although the Debtor had no record interest in the Cresskill Property at that time.

17. During the time that she was the sole owner of the Cresskill Property, the Defendant lacked the income sufficient to pay the mortgage on the Cresskill Property, real estate

taxes or other expenses associated with ownership of the Cresskill Property without the Debtor's financial assistance.

18. In November, 2005, the Cresskill Property was sold for the sum of $1,800,000.

19. Upon information and belief, a portion of the proceeds of sale of the Cresskill Property were used to satisfy the 2003 Taxation Judgment.

20. The Taxation Judgment was satisfied on or about November 28, 2005.

21. Upon information and belief, the Defendant used to proceeds of sale of the Cresskill Property to purchase the River Vale Property for cash.

22. The Defendant is the sole owner of the River Vale Property.

23. On or about June 12, 2006, the Debtor and Defendant borrowed the sum of $250,000 from Emigrant Mortgage Company, Inc., secured by a mortgage on the River Vale Property (the "**Emigrant Mortgage**").

24. Upon information and belief, the Defendant's financial condition was insufficient to qualify for the Emigrant Mortgage.

25. The Defendant lacked the income sufficient to pay the Emigrant Mortgage, real estate taxes or other expenses associated with ownership of the River Vale Property without the assistance of the Debtor.

26. On August 23, 2007, the New Jersey Division of Taxation entered a judgment against the Debtor and Defendant in the amount of $17,611.18, which judgment remains unsatisfied (the "**2007 Taxation Judgment**").

27. On or about August 25, 2009, a foreclosure action was initiated relating to the Emigrant Mortgage, signifying that the Emigrant Mortgage was not being paid[1]. This suit was dismissed without prejudice in October, 2009.

28. The Emigrant Mortgage was satisfied and cancelled in November, 2013.

29. The Defendant currently owns the River Vale Property which has no liens on it, except the 2007 Taxation Judgment.

## COUNT ONE
**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and N.J.S.A. §25:2-25(a))**

30. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 29 as set forth at length herein.

31. The Debtor transferred his interest in the Cresskill Property to the Defendant with actual intent to defraud creditors (the "**Transferred Value**").

32. There is at least one creditor who had no knowledge of the Debtor's transfer of the Cresskill Property to the Defendant as of the Petition Date (the "Qualifying Unsecured Creditor").

33. The following creditors qualify as a Qualifying Unsecured Creditor: (i) Raymond Cohen, CPA, (ii) The State of New Jersey, Division of Taxation,and (iii) Zeichner, Ellman & Krause, LLP

34. Upon information and belief, Capital One, N.A. is also a Qualifying Unsecured Creditor.

---

[1] Docket No. F-045517-09 pending in Bergen County

35. Since each Qualifying Unsecured Creditor only learned of the Debtor's transfer of the Cresskill Property after the Petition Date, each Qualifying Unsecured Creditor had the right to pursue the claim asserted in Count One of the Amended Complaint as of the Petition Date.

36. The within complaint brought by Trustee, standing in the place of a Qualifying Unsecured Creditor is timely filed pursuant to N.J.S.A. §25:2-31(a).

37. The fact that the Debtor tendered the Transferred Value to his wife, the Defendant, more than four (4) years ago does not prohibit the Trustee from recovery of the Transferred Value from the Defendant.

38. Any subsequent transfer of the Transferred Value into another asset, i.e., the River Vale Property, does not defeat any claim of the Trustee for recovery of the Transferred Value.

39. The Transferred Value is now part of the equity in the River Vale Property.

40. Since the Defendant purchased the River Vale Property for cash, at least half of the acquisition price of the River Vale Property was the Transferred Value.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

a. Compelling the Defendant to return the Transferred Value to the Estate by executing a deed for the River Vale Property such that the owners will be the Defendant and the Trustee, as joint tenants;

b. Awarding attorneys' fees and costs; and

c. Granting such other and further relief as is just and appropriate.

## COUNT TWO
### (Imposing a Constructive Trust Pursuant to 11 U.S.C. §105)

41. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 29 as set forth at length herein.

6

42. The Defendant holds bare legal title to the River Vale Property.

43. As a matter of equity, title to the River Vale Property should be vested in both the Defendant and the Debtor.

44. The Debtor enjoyed all the benefits of ownership of the River Vale Property while shielding same from his creditors.

45. Upon information and belief, the Debtor utilized the equity in the River Vale Property and its predecessor, the Cresskill Property, for his own benefit without regard to the fact that he was not the titled owner.

46. Equity demands that a constructive trust be imposed on a one-half interest in the River Vale Property for the benefit of the Debtor's bankruptcy Estate.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

   a. Imposing a constructive trust on one-half ownership of the River Vale Property for the benefit of the Trustee and the Bankruptcy Estate;

   b. Compelling the Defendant to return the Transferred Value to the Estate by executing a deed for the River Vale Property such that the owners will be the Defendant and the Trustee;

   c. Awarding attorneys' fees and costs; and

   d. Granting such other and further relief as is just and appropriate.

## COUNT THREE
**(Authority to Sell Co-Owner's Interest Pursuant to 11 U.S.C. §363(h))**

47. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 42 as set forth at length herein.

7

48. Following the execution of a Deed transferring title to the River Vale Property into joint names, the Estate's one-half interest in the River Vale Property will be property of the Debtor's bankruptcy estate (the "**Estate**").

49. The Trustee seeks to sell the Estate's interest in the River Vale Property for the benefit of the Estate and the Debtor's creditors.

50. Partition of the River Vale Property is impracticable.

51. The sale of only the Estate's interest in the River Vale Property would yield significantly less for the Estate than the sale of the River Vale Property free of the interest of the Defendant.

52. The benefit to the Estate of the sale of the River Vale Property free of the interest of the Defendant outweighs the detriment, if any, to the Defendant from the loss of the River Vale Property.

53. Upon information and belief, the River Vale Property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

A. Authorizing the Trustee to sell the Defendant's interest in the River Vale Property, together with the Estate's interest therein;

B. Awarding court costs and counsel fees; and

C. Granting such other and further relief as the Court deems just and appropriate.

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
*Special Counsel to Plaintiff, David Wolff, Chapter 7 Trustee*

By:     */s/ Andrea Dobin*
      ANDREA DOBIN

Dated: September 15, 2017

4837-1463-6366, v. 1

9